**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

JON ROBERT OLIVER,

    Petitioner,

v.

GREGORY C. DOZIER; and WARDEN
TOMMY BOWDEN,

    Respondents.

CIVIL ACTION NO.: 2:18-cv-111

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jon Oliver ("Oliver"), who was formerly housed at Central State Prison in Macon, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in the Middle District of Georgia. Doc. 1. The Middle District of Georgia transferred Oliver's Petition to this Court, as Oliver challenges his revocation conviction obtained from the Superior Court of Wayne County, Georgia. Doc. 3. Respondents filed an Answer and Motions to Dismiss. Docs. 16, 17, 19. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent Gregory Dozier's unopposed Motion to Dismiss and **DISMISS** Dozier as a named Respondent, **GRANT** Respondent Tommy Bowden's Motion to Dismiss, and **DENY as moot** Oliver's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Oliver *in forma pauperis* status on appeal and a Certificate of Appealability.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec.

## BACKGROUND

Oliver filed his Petition in the Middle District of Georgia on August 30, 2018, and that court subsequently transferred Oliver's Petition to this Court. Docs. 1, 3. In his Petition, Oliver asserts he has not received any response from the Wayne County Superior Court on his previously-filed motions and petitions. Doc. 1 at 5. Specifically, Oliver states he filed a motion for sentence modification with the Wayne County court and had not received a response at the time he filed his Petition. Id. at 7. Oliver contends he and his appointed counsel asked the trial judge to order that Oliver receive credit for time served prior to the imposition of sentence in his revocation proceedings, but the judge gave no ruling on that request. Id. Oliver maintains he is unsure whether he had any petitions or appeals pending at the time he filed his § 2254 Petition, as he has not received any responses to the several motions he filed in the Wayne County Superior Court. Id. at 12. Oliver asks this Court to credit him with time served from October 14, 2016 until he was sentenced on August 8, 2017. Id. at 15.

After the Court granted Oliver *in forma pauperis* status, this Court directed service of Oliver's Petition upon Respondents on January 11, 2019. Doc. 11. Respondent Bowden filed a Motion to Dismiss, claiming the Court should dismiss as moot Oliver's Petition because he is no longer in the custody of the Georgia Department of Corrections based on his release. Doc. 17 at

---

Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Oliver that his suit is due to be dismissed. As indicated below, Oliver will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

1–2; Doc. 17-1 at 2–3.  Respondent Bowden also asserts Oliver's Petition is due to be dismissed for failure to exhaust his state remedies and failure to state a claim.  Doc. 17 at 2; Doc. 17-1 at 2, 4–8.  Respondent Dozier moved to dismiss as an improperly named Respondent.  Doc. 19.  The Court directed Oliver to respond to the Motions to Dismiss on February 28, 2019, docs. 20, 21, and those Orders were not returned to this Court as undeliverable or as otherwise failing to reach Oliver.  However, Oliver did not respond to either Motion to Dismiss.

## DISCUSSION

### I. Whether Oliver's Petition is Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all

3

stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

Respondent asserts there is nothing left for this Court to remedy because Oliver was released from custody on February 18, 2019, rendering his Petition moot. Doc. 17-1 at 3–4. As Oliver only requests that he be credited with time served and he has been released from the Department of Corrections' custody,[2] there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **GRANT** Respondent Bowden's unopposed Motion to Dismiss, **DISMISS** Dozier as a named Respondent, **GRANT** Respondent Dozier's unopposed Motion to Dismiss, and **DENY as moot** Oliver's Petition for Writ of Habeas Corpus.

## II.    Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Oliver leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Oliver has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective

---

[2]    Indeed, this Court recognizes Oliver was released from custody on February 18, 2019. http://www.dcor.state.ga.us/GDC/Offender/Query, search for "Oliver, Jon", last accessed Apr. 25, 2019.

4

standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Oliver's Petition and Respondents' Motions to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Oliver *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondents' unopposed Motions to Dismiss, **DENY as moot** Oliver's Petition, **DISMISS** Dozier as a named Respondent, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Oliver leave to proceed *in forma pauperis* on appeal and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered

by the District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Oliver and the named Respondents.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of April, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA